﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191009-37502
DATE: May 29, 2020

ORDER

Entitlement to service connection for a left shoulder disorder, to include as secondary to falls associated with service-connected left knee disability, is denied.

Entitlement to service connection for a right shoulder disorder, to include as secondary to falls associated with service-connected left knee disability, is granted.

FINDINGS OF FACT

1. The Veteran’s left shoulder disorder is not the result of military service or secondary to falls associated with his service-connected left knee disability.

2. Giving the Veteran the benefit of the doubt, the right shoulder disorder is secondary to falls associated with his service-connected left knee disability. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for a left shoulder disorder, to include as secondary to falls associated with service-connected left knee disability, have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2016); 38 C.F.R. §§ 3.102, 3.310 (2019).

2. The criteria for entitlement to service connection for a right shoulder disorder, to include as secondary to falls associated with service-connected left knee disability, have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served honorably in the United States Army from April 1974 to August 1977.

This appeal stems from an June 2019 rating decision issued under the provisions of the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with the Department of Veterans Affairs' (VA) decision on their claim to seek review. The Veteran chose Direct Review by a Veterans Law Judge. This Board decision is consistent with the new AMA framework.

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

The Board has recharacterized these claims as direct service connection claims without the New and Relevant Evidence (NRE) threshold requirement. The Veteran filed the March 2019 supplemental claims within the one-year appeal period of the September 2018 rating decision that was the initial denial for these claims. Thus, the Board construes the March 2019 supplemental claims as a request for AMA review.

Service Connection

The Veteran contends that his bilateral shoulder disorders were caused or aggravated by his service-connected left knee disability. Specifically, the Veteran claims that he injured his shoulders from falls associated with his service-connected left knee disability. His claims for compensation were received by VA in August 2018. 

A veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in the line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty in active service. 38 U.S.C. § 1110, 1131 (2012). Generally, to establish a right to compensation for a present disability, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be also established on a secondary basis for a disability which is proximately due to or the result of service-connected disease or injury. 38 U.S.C. § 1110, 1131; 38 C.F.R. § 3.310 (a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995). 

In order to prevail on the issue of secondary service connection, the record must show: (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) medical nexus evidence establishing a connection between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998); see also Allen, supra.

In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the United States Court of Appeals for Veterans Claims (Court) stated that “a veteran need only demonstrate that there is an ‘approximate balance of positive and negative evidence’ in order to prevail.” To deny a claim on its merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996) (citing Gilbert, 1 Vet. App. at 54).

1. Entitlement to service connection for a left shoulder disorder.

The Board finds that the Veteran currently has a left shoulder disorder. He was diagnosed with left shoulder rotator cuff tear at the August 2018 VA examination. In addition, the Veteran is service connected for left knee total replacement during the pendency of this appeal, which included a previous service connection grant and evaluation for left knee instability. 

The remaining issue, therefore, is whether the left shoulder disorder was caused or aggravated by his service-connected left knee disability, including falls associated with it. The Board finds a preponderance of the probative evidence to be against the Veteran. Therefore, the claim for service connection must be denied. 

A review of the service treatment records (STRs) note left shoulder pain complaints due to falling off a bike in October 1974. However, no subsequent complaints or issues were noted. In addition, clinical examination was normal on enlistment and separation. 

A review of the post-service VA treatment records note complaints and treatment for left knee issues and left shoulder issues. VA treatment records from January 2017 to March 2017 note complaints of left knee pain that was causing the Veteran to fall several times a day. He underwent total knee replacement in March 2017. An April 2017 VA treatment record noted the Veteran denying any left knee pain or instability. 

A February 2017 VA treatment record noted the Veteran’s left shoulder pain complaints; however, there was no etiology given for these complaints. A May 2017 VA treatment record noted the Veteran’s complaints of left shoulder pain. He stated that he heard a loud “pop” when he lifted the tailgate of his truck and began experiencing pain. In addition, he stated that he caught himself in his doorway when he stumbled at home which increased his pain complaints. However, it is unclear if the stumble was the result of his service connected left knee disability. The Veteran was diagnosed with left shoulder rotator cuff arthroplasty and impingement syndrome in June 2017. He underwent left shoulder replacement surgery in August 2018. 

The Board notes that none of the Veteran’s treating physicians have given a positive opinion that the left shoulder disorder was caused or aggravated by his service-connected left knee disability. 

The Veteran underwent a VA examination in August 2018. The Veteran was diagnosed with a left shoulder rotator cuff tear and joint replacement. The examiner noted the Veteran’s claim of injuring his shoulders because of a fall caused by his service-connected left knee disability while walking down a handicap ramp in June 2017. The examiner then gave a negative opinion that the shoulder disorders were the result of the Veteran’s service-connected bilateral knee disabilities. The examiner found that there was no medical relationship between the service connected knee conditions and the claimed shoulder condition. The examiner also gave a negative opinion that the shoulder disorders were aggravated by the service-connected knee disabilities. The examiner found that the two diagnoses were not medical related. No other rationale was provided.

The Board finds the VA opinion persuasive. The examiner noted the Veteran’s self-reported medical history, indicated a review of the claims file, and based this opinion on the Veteran’s interview, the claims file review, and the VA examination results. As such, the Board finds the opinion of probative value. See Bloom v. West, 12 Vet. App. 185, 187 (1999) (the value of a physician’s statement is dependent, in part, upon the extent to which it reflects clinical data or other rationale to support the opinion). Further, the August 2018 VA examination is the only medical opinion of record that addresses the issue of medical nexus. In light of the negative nexus opinion and lack of positive opinion to contradict the negative evidence, there is simply no basis for a grant of service connection for the Veteran’s left shoulder disorder.

In adjudicating this claim, the competence and credibility of lay statements must be considered by the Board. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362, 368-69 (2005). The Veteran contends that his left shoulder is the result of falls associated with his service-connected left knee disability. While the Veteran may be credible to describe the particular symptoms which he experiences, determining the exact nature and diagnosis of his left shoulder disorder specialized testing and medical knowledge or training which the Veteran is not shown to have. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Therefore, he cannot provide an opinion as to etiology in such cases. In addition, his lay statements are contradicted by the pertinent medical evidence, which demonstrates that the Veteran’s left shoulder disorder did not result from a fall associated with his service-connected left knee disability. Indeed, there is no competent medical evidence demonstrating that the June 2017 fall actually occurred. All medical evidence around this time period note left shoulder complaints due to lifting up the tailgate of his truck and from a stumble at home. There is no indication that the stumble at home was due to his service-connected left knee disability. As such, his lay statements are entitled to low probative value. 

Since a preponderance of the evidence weights against the Veteran, the Veteran is not entitled to the benefit of the doubt. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); see also Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed Cir. 2001). Therefore, his claim of entitlement to a left shoulder disorder is denied. 

2. Entitlement to service connection for a right shoulder disorder.

The Board finds that the Veteran currently has a right shoulder disorder. He was diagnosed with right shoulder rotator cuff tear. In addition, the Veteran is service connected for left knee total replacement during the pendency of this appeal, which included a previous service connection grant and evaluation for left knee instability. 

The remaining issue, therefore, is whether the right shoulder disorder was caused or aggravated by his service-connected left knee disability, including falls associated with it. The Board finds that the evidence of record to be in relative equipoise. Giving the Veteran the benefit of the doubt, the claim for service connection is granted. 

A review of the service treatment records (STRs) contains no complaints or issues for right shoulder issues. In addition, clinical examination was normal on enlistment and separation. 

A review of the post-service VA treatment records note complaints and treatment for right shoulder issues, including shoulder surgery. An April 2007 VA treatment record noted the Veteran’s right shoulder “popped” and was now unable to move it; however, no information on causation was noted. A July 2007 VA treatment record noted the Veteran falling in March 2007 “when his left knee went out on him, and he caught his right shoulder in the way that he heard a pop.” An October 2007 VA treatment record noted the Veteran’s reports of right shoulder pain after grabbing a handrail due to falling as a result of his left knee giving out. Subsequent VA treatment records from January 2010 to November 2010 note the Veteran’s three year history of chronic right shoulder pain and a diagnosis of rotator cuff tear. He underwent rotator cuff surgery in December 2010.

However, none of the Veteran’s treating physicians have given a positive opinion that the right shoulder disorder was the result of military service, including whether it was caused or aggravated by his service-connected left knee disabilities. 

The Veteran underwent a VA examination in August 2018. The Veteran was diagnosed with right shoulder strain. The examiner noted the Veteran’s claim of injuring his left shoulder because of a fall caused by his service-connected left knee disability while walking down a handicap ramp. The examiner then gave a negative opinion that the right shoulder disorder was the result of the Veteran’s service-connected left knee disability. The examiner found that there was no medical relationship between the service connected knee condition and the claimed shoulder condition. The examiner also gave a negative opinion that the shoulder disorder was aggravated by the service-connected knee disability. The examiner found that the two diagnoses were not medical related. No other rationale was provided. 

The Board finds that the VA examiner’s opinion did not adequately address the Veteran’s lay statements or the post-service VA treatment records that noted his falls being due to the service connected left knee disability. In addition, the Board finds that the Veteran’s statements are probative as to his symptoms and how his injury occurred as these are matters about which a lay person is competent to testify. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). After review of the pertinent evidence of record, the Board finds the evidence to be in relative equipoise. Giving the Veteran the benefit of the doubt, a grant of service connection for the right shoulder disorder is warranted. 

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J.T. Massey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.